Dismissed and Memorandum Opinion filed May 5, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00324-CR

____________

 

DERIK LIN JAMES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 1230480

 



 

MEMORANDUM
OPINION

Appellant entered a guilty plea to driving while intoxicated
with a passenger under the age of fifteen.  In accordance with the terms of a
plea bargain agreement with the State, the trial court sentenced appellant to
confinement for two years in the Institutional Division of the Texas Department
of Criminal Justice, suspended for two years.  Subsequently, the State moved to
revoke appellant’s community supervision.  The trial court granted the motion and
on February 24, 2011, sentenced appellant to confinement for seven months in
the State Jail Division of the Texas Department of Criminal Justice and
assessed a fine of $100.  No motion for new trial was filed.  Appellant’s pro
se notice of appeal was not filed until April 7, 2011.

A defendant’s notice of appeal must be filed within thirty
days after sentence is imposed when the defendant has not filed a motion for
new trial.  See Tex. R. App. P. 26.2(a)(1).
 A notice of appeal which complies with the requirements of Rule 26 is
essential to vest the court of appeals with jurisdiction.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  If an appeal is not timely
perfected, a court of appeals does not obtain jurisdiction to address the
merits of the appeal.  Under those circumstances it can take no action other
than to dismiss the appeal.  Id.

Appellant’s notice of appeal was due March 28, 2011.  The
record reflects appellant dated his notice of appeal “3-31-2011.”  The envelope
has a handwritten date of “04/03/11” and it was postmarked April 5th or 6th,
2011.  Even if we considered these dates, none are timely.  

Although the date of filing is within fifteen days after the
deadline, no motion for extension of time was filed.  See Tex. R. App.
P. 26.3.  In a criminal case, a late notice
of appeal will not invoke our jurisdiction unless a motion
for extension of time is also filed within fifteen days of the last day allowed
for filing the notice of appeal.  Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.1996). 

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Panel consists of Justices
Frost, Jamison and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).